

FILED

06/09/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0299

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0299

_____

GENE R. MEREDITH,

Petitioner,

v.                                                                    O R D E R

LYNN GUYER, Warden,
Montana State Prison,

Respondent.

_____

Gene R. Meredith has filed a petition for a writ of habeas corpus seeking release from imprisonment. Meredith states that his sentence of "999 years" exceeds the statutory authority of one hundred years, citing "94-5-102" in apparent reference to the former Revised Code of Montana. He states that his criminal case should not be remanded to correct this sentence, but instead this Court should "vacate the illegal sentence in [its] entirety . . . ." Meredith requests his unconditional and immediate release.

In 2008, a Cascade County jury found Meredith guilty of deliberate homicide for a woman's murder in 2006. The Eighth Judicial District Court sentenced Meredith to life without parole. Meredith appealed his conviction on other grounds, and this Court affirmed his conviction. *State v. Meredith*, 2010 MT 27, 355 Mont. 148, 226 P.3d 571.

Meredith is not entitled to habeas corpus relief or his release because his sentence is valid. After 1973, § 94-5-102, R.C.M. (1947), was amended to become § 45-5-102, MCA. Mont. Laws 1973, ch. 513, § 1. Section 45-5-102(2), MCA (2005), provides that:

> A person convicted of the offense of deliberate homicide shall be punished by death as provided in 46-18-301 through 46-18-310, unless the person is less than 18 years of age at the time of the commission of the offense, by life imprisonment, or by imprisonment in the state prison for a term of not less than 10 years or more than 100 years, except as provided in 46-18-219 and 46-18-222.

Statutory authority exists, pursuant to § 46-18-219(1)(a)(i), MCA, for a district court to impose a life sentence without the possibility of release for a conviction of deliberate homicide. Accordingly, the District sentenced him to prison for life without parole. *Meredith*, ¶ 1. Meredith's cursory mention of a 999-year sentence may be a reference to how the prison officials calculate his sentence for parole ineligibility; however, it has no bearing because it is not in a court's final judgment.

Meredith could have challenged the term of his sentence in his appeal. He did not do so. He provides no basis that his sentence is illegal. Therefore,

IT IS ORDERED that Meredith's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Gene R. Meredith personally.

DATED this 9th day of June, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

2